UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WESTLEY JOHNSON, # 778878, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-97 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| ROBERT MOTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION**
**ON SECOND MOTION FOR PRELIMINARY INJUNCTION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's *pro se* complaint alleges First Amendment claims for retaliation, including the filing of allegedly false misconduct tickets. Plaintiff further alleges that defendant Marcus Lemke, a corrections officer, addressed him in a demeaning fashion, amounting to sexual harassment. By order entered April 4, 2014, Chief Judge Paul L. Maloney denied plaintiff's request for the entry of a preliminary injunction against further acts of sexual harassment and retaliation. (Order, docket # 16). After examining the four factors relevant to the entry of preliminary injunctive relief, the Chief Judge found that plaintiff had not established the existence of irreparable harm and that the interests of third parties and the public at large weigh against the court's interference with the administration of the day-to-day operation of state prisons.

Plaintiff has now filed a second motion for preliminary injunction. (docket # 31). The present motion seeks an order preventing defendant Lemke from handling plaintiff's legal mail or requests for photocopies. Alternatively, plaintiff asks the court to order defendant Thomas Finco, a Deputy Director of the Michigan Department of Corrections, to direct Lemke to stop handling plaintiff's legal mail and photocopy requests. In support of his motion, plaintiff argues that Lemke has the ability to mishandle plaintiff's legal mail and would be in a position to remove originals or destroy important papers. Plaintiff assumes that defendant "may get so upset with the fact that plaintiff is suing him" that Lemke "may be inclined to perhaps assault plaintiff" or "maybe accuse plaintiff" of engaging in misconduct. (Motion at ¶ 37, docket # 31).

The previous order of the Chief Judge sets forth the governing standards for the issuance of extraordinary equitable relief. (Order at 3-4, docket # 16). The court's previous denial applies with full force to plaintiff's present request for injunctive relief. Specifically, plaintiff's vague allegations fall far short of establishing the existence of irreparable harm in the absence of a court order. Under the longstanding Sixth Circuit authority, the requirement of irreparable injury is satisfied only by harm that is both certain and immediate, rather than speculative or theoretical. *See Welch v. Brown*, 551 F. App'x 804, 812-13 (6th Cir. 2014); *accord Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). In the present case, plaintiff does not allege that defendant Lemke ever tampered with his mail or destroyed documents pertaining to plaintiff's legal matters. Rather, he alleges that he is merely fearful that this might happen as a result of the filing of this lawsuit. Speculative fears fall far short of the showing of immediate and irreparable injury necessary for the issuance of extraordinary equitable relief.

Beyond that, the interests of third parties and the public weigh heavily against the kind of interference invited by plaintiff's request for injunctive relief. On the basis of his subjective fears, plaintiff would have the court direct the internal operations of a Michigan prison, without any idea of the possible repercussions on prison staffing or safety. This is precisely the kind of disruption that the federal courts must avoid, in the absence of a clear need to protect a plaintiff's constitutional rights. "The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights." (Order at 5, docket # 16).

Finally, plaintiff's alternative remedy, pursuant to which the court would order defendant Lemke's supervisor to remove him from certain tasks, cures none of the foregoing defects.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's second motion for a preliminary injunction (docket # 31) be denied.


Dated:  June 16, 2014	/s/  Joseph G. Scoville
	United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).